# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:25-cv-765 |
| v. | § § | Judge Mazzant |
| PATRICK KREINER, et al., | § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Steve R. Lyon, Anna Lyon, and Bonnie R. Lindsly's Motion for Partial Summary Judgment (the "Motion") (Dkt. #39). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is an interpleader action in which Plaintiff Allianz Life Insurance Company of North America ("Plaintiff") seeks a judicial determination as to the distribution of funds payable under Kristin Lyon's ("Kristin") life insurance policy (the "Annuity") (Dkt. #1).[1] Kristin executed the Annuity on June 20, 2022 (Dkt. #1 at ¶ 12). Kristin Lyon then died on August 3, 2024, at 1:23 pm (Dkt. #39-1; Dkt. #49 at p. 3). At issue in this action is Plaintiff's receipt of two beneficiary change requests that could affect the distribution of the Annuity's proceeds (the "Interpleaded Funds").

---

[1] On July 17, 2025, Plaintiff filed its Complaint in Interpleader to resolve the competing claims at to the Interpleaded Funds (Dkt. #1). On December 3, 2025, Plaintiff filed an Agreed Motion to Deposit Funds, Recover Attorneys' Fees, and to Dismiss (Dkt. #28), which was granted on December 30, 2025 (Dkt. #31). Thus, the Interpleaded Funds (less Plaintiff's reasonable and necessary costs and attorneys' fees) were deposited into the Court's registry, and Plaintiff was dismissed from this action (*See* Dkt. #31).

Defendants[2] dispute the validity of the following change requests: (1) the March 14, 2024 Beneficiary Designation Request (the "March 14 Request"), purportedly signed by Kristin, requesting to change the beneficiaries to Steve R. Lyon, Anna Lyon, and Bonnie R. Lindsly (the "Lyon Defendants") (Dkt. #1 at ¶ 13; Dkt. #39 at p. 2); and (2) the August 3, 2024 Request to Transfer Ownership and/or Change Beneficiaries (the "August 3 Request"), signed by Patrick Kreiner ("Patrick") with a Statutory Durable Power of Attorney for Kristin (the "Power of Attorney"), requesting to change the primary beneficiaries to Defendants Patrick Kreiner, Thomas Kreiner, Timothy Kreiner, and Jerome Kreiner (collectively, the "Kreiner Defendants") (Dkt. #39-2; Dkt. #49-1 at pp. 3–8).

On January 29, 2026, the Lyon Defendants filed the instant Motion, asking the Court to find the August 3 Request was invalid, reducing this case to a dispute over the March 14 Request (*See* Dkt. #39). On February 2, 2026, the Kreiner Defendants responded (Dkt. #49). On February 26, 2026, the Lyon Defendants replied (Dkt. #55). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477

---

[2] Plaintiff named the following as Defendants in the Complaint in Interpleader: (1) Patrick Kreiner; (2) Thomas Kreiner; (3) Timothy Kreiner; (4) Jerome Kreiner; (5) Steve R. Lyon; (6) Anna Lyon; and (7) Bonnie R. Lindsly (Dkt. #1 at ¶¶ 2–8).

U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hou. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*,

672 F.2d 436, 440 (5th Cir. 1982) (citation modified). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## ANALYSIS

The Lyon Defendants move for partial summary judgment to narrow the issues before the Court (Dkt. #39 at p. 9). Specifically, the Lyon Defendants ask the Court to hold the following: (1) the August 3 Request is invalid because it was sent to Plaintiff *after* the Power of Attorney terminated at the time of Kristin's death (Dkt. #39 at pp. 6–7); (2) the August 3 Request is invalid because the Power of Attorney did not expressly grant Patrick authority to change the beneficiary designations on Kristin's behalf (Dkt. #39 at pp. 7–9); and (3) the August 3 Request is invalid because even if the Power of Attorney did grant him authority to change the beneficiary designations, the Texas Estates Code restricted Patrick from naming himself as a beneficiary (Dkt. #39 at pp. 8–9). The Court will consider each argument in turn.

### I.    Transmission of the August 3 Request

The Lyon Defendants first argue that under Texas law, a durable power of attorney terminates when the principal dies (Dkt. #39 at p. 6). *See* TEX. EST. CODE § 751.131. Thus, the Lyon Defendants contend Patrick could not have acted pursuant to the Power of Attorney on Kristin's behalf after her death on August 3, 2024, at 1:23 pm (Dkt. #39 at p. 7; Dkt. #49 at p. 4).

The Kreiner Defendants do not dispute this. However, the parties do dispute the *time* at which Patrick sent the August 3 Request to Plaintiff. The Lyon Defendants assert that Patrick sent a fax to Plaintiff containing the August 3 Request and the executed Power of Attorney on August 3, 2024, at 4:18 pm—after Kristin's death (Dkt. #39 at p. 4; Dkt. #39-2). The Lyon Defendants attach

4

a copy of the fax sent to Plaintiff, which includes a header at the top of each page denoting the following: (1) the date as 8/3/2024; (2) the time as 4:18 pm; (3) the sender as Staples Printing and Marketing Services; (4) the receiver as Plaintiff's fax number; and (5) the page numbers ranging from page one to page six (Dkt. #39-2).

The Kreiner Defendants dispute the time stamp and argue the August 3 Request was transmitted at 11:22 am on August 3, 2024—before Kristin's death (Dkt. #49 at p. 3; Dkt. #49-1 at p. 3). In support of this contention, the Kreiner Defendants rely on the Declaration of Patrick K. Kreiner, in which he states the following: "The facsimile transmission was successfully sent on August 3, 2024 at 11:22:40 a.m. Central Daylight Time, as reflected in the fax transmission confirmation record produced in this case" (Dkt. #49-1 at p. 2). There are a few differences between the copy of the fax of the August 3 Request that the Lyon Defendants attached to their Motion and the copy of the fax the Kreiner Defendants attached to the Declaration of Patrick K. Kreiner (*Compare* Dkt. #39-2, *with* Dkt. #49-1 at pp. 3–8). First, the Kreiner Defendants' fax does not include a header at the top of each page (Dkt. #49-1 at pp. 3–8). Second, the Kreiner Defendants' fax includes a different cover page that denotes the date as Saturday, August 3, 2024, at 11:22:40 CDT (Dkt. #49-1 at p. 3). Third, the Kreiner Defendants' fax does not include Plaintiff's Bates numbering, which suggests to the Court that the Lyon Defendants are using a version of the fax that Plaintiff produced and the Kreiner Defendants are using a version of the fax that Patrick may have kept as the sender (Dkt. #49-1 at pp. 3–8).

The transmission time of the August 3 Request is critical to the Court's determination of whether Patrick acted before or after Kristin's Power of Attorney terminated. After careful review of the record and the arguments, the Court is not convinced that the Lyon Defendants have met

their burden demonstrating that there is no material issue of fact regarding whether the August 3 Request was transmitted after Kristin's death on August 3, 2024, at 1:23 pm. Accordingly, on this issue alone, the Lyon Defendants are not entitled to judgment as a matter of law.

## II.      Patrick's Express Authority under the Power of Attorney

The Lyon Defendants next argue that the August 3 Request is invalid because the Power of Attorney, purportedly executed by Kristin, did not grant Patrick with authority to change beneficiary designations (Dkt. # 39 at p. 7). This "express" authority requirement is found in the Texas Estates Code: an agent may "create or change a beneficiary designation" on the principal's behalf "only if the durable power of attorney designating the agent expressly grants the agent the authority and the exercise of the authority is not otherwise prohibited by another agreement or instrument to which the authority or property is subject." TEX. EST. CODE § 751.031(b)(4).

Under the Power of Attorney at issue in this case, Patrick was appointed to act as Kristin's agent with the general authority conferred by Subchapter C, Chapter 752 of the Texas Estates Code (Dkt. #39-2 at p. 8). TEX. EST. CODE § 751.031(a). Subchapter C includes the authority to perform "Insurance and Annuity Transactions." TEX. EST. CODE § 752.108. Specifically, the language conferring this authority to perform insurance and annuity transactions "empowers the attorney in fact or agent to *change* the beneficiary of an insurance contract or annuity . . . ." TEX. EST. CODE § 752.108(a)(10) (emphasis added). Here, Patrick had authority to submit a beneficiary change request on Kristin's behalf based on the general authority conferred in her Power of Attorney (Dkt. #39-2). Accordingly, on this issue alone, the Lyon Defendants are not entitled to judgment as a matter of law.

6

### III.   Texas Estate Code's Restrictions on Self-Designations

Finally, the Lyon Defendants argue that even if the Court finds that the Power of Attorney generally permitted Patrick to change the beneficiaries of Kristin's Annuity, Patrick's authority to designate himself as a beneficiary is subject to strict limitations (Dkt. #39 at p. 8; Dkt. #55 at p. 5).

The Court agrees. An agent acting pursuant to a power of attorney can change the beneficiary of an annuity, "except that the attorney in fact or agent may be designated a beneficiary only to the extent authorized by [§ 752.108(b)]." TEX. EST. CODE § 752.108(a)(10). Under this limiting subsection, "[u]nless the principal has granted the authority to create or change a beneficiary *expressly* . . . an agent may be named a beneficiary of an insurance contract or an extension, renewal, or substitute for the contract *only to the extent* the agent was named as a beneficiary by the principal." TEX. EST. CODE § 752.108(b) (emphasis added).

The Lyon Defendants argue Patrick was not authorized to self-designate as a beneficiary of the Annuity because Kristin did not expressly grant him the authority to do so in the Power of Attorney and Kristin did not name him as a beneficiary (Dkt. #39 at p. 8; Dkt. #55 at p. 5). Indeed, the previous March 14 Request, purporting to be signed by Kristin, named the Lyon Defendants as beneficiaries of the Annuity (Dkt. #1 at ¶ 13; Dkt. #39 at p. 2).[3] In support of their position, the Lyon Defendants direct the Court to a case out of the Western District of Texas, dealing with this issue: *Transamerica Life Ins. Co. v. Quarm*, No. EP-16-CV-295-KC, 2017 WL 5476471 (W.D. Tex. Nov. 13, 2017). In *Transamerica*, the court held that under Texas law, the decedent's son, acting

---

[3]   The Kreiner Defendants do not use their Response to dispute the validity of the March 14 Request (Dkt. #49), but it is an unresolved issue in this case (Dkt. #39 at p. 2).

pursuant to the decedent's Power of Attorney, was not authorized to name himself beneficiary of the annuity contract at issue without the decedent's prior designation. *Id*. at *7.

In response, the Kreiner Defendants rely on two Texas appellate court cases to argue that the self-designation is not self-dealing when the benefiting agent can show the transaction was fair and authorized by the principal (Dkt. #49 at p. 5). *Vogt v. Warnock*, 107 S.W.3d 778, 782–83 (Tex. App.—El Paso 2003, pet. denied) ("We begin our analysis by noting that a power of attorney creates an agency relationship, which is a fiduciary relationship as a matter of law. A fiduciary owes her principal a high duty of good faith, fair dealing, honest performance, and strict accountability . . . the fiduciary relationship did no more than cast upon the profiting fiduciary the burden of showing the fairness of the transactions." (citation omitted)); *Chien v. Chen*, 759 S.W.2d 484, 495 (Tex. App.—Austin 1988, no writ) ("*All* transactions between the fiduciary and his principal are presumptively fraudulent and void, which is merely to say that the burden lies on the fiduciary to establish the validity of any particular transaction in which he is involved."). Specifically, the Kreiner Defendants argue that Patrick's authority to designate himself as a beneficiary can be corroborated by the Last Will and Testament of Kristin Kreiner Lyon, and thus, his actions were fair to Kristin and were done with her consent (Dkt. #49 at p. 5).

The Court first notes that neither *Vogt* or *Chien* analyzed the Texas Estate Code's restrictions under § 752.108(b) on self-designations in the context of annuities. Nor did these Texas cases hold that an agent can designate themselves as a beneficiary if they can merely show the designation is fair or in line with the decedent's intent, as the Kreiner Defendants suggest (Dkt. #49 at p. 6). Absent any other binding or even persuasive authority, the Court will not consider Kristin's probated will, determine her testamentary intent, or implement that testamentary intent to its

determination of the beneficiary designation issue. This application would be especially dangerous when considering that the determination of proper beneficiary designations will affect the distribution of the Interpleaded Funds—proceeds from a *non-probate* asset.

Next, the Kreiner Defendants argue that Texas law recognizes substantial compliance in beneficiary disputes, implying that the August 3 Request substantially complied with the Annuity's requirements to effect a change in beneficiaries (Dkt. #49 at p. 6). Specifically, the Kreiner Defendants note that within the August 3 Request, "there is a valid POA, an executed form, successful transmission, testamentary corroboration; and identical allocation in probated will. There was nothing more that Patrick could do – the rest was incumbent on [Plaintiff] after the instruction was successfully transmitted" (Dkt. #49 at p. 6).

Under Texas law, "when the terms of the policy of insurance, or the constitution or bylaws of the fraternal insurance association, define the method by which the insured may change the beneficiary, a change is not accomplished unless the insured has *substantially complied* with the method designated, or . . . unless [they have] done all that [they] could reasonably have done to perfect a change." *Tips v. Sec. Life & Accident Co.*, 191 S.W.2d 470, 471 (Tex. 1945) (internal citation omitted) (emphasis added). "[Texas] courts employ the equitable tool of substantial compliance when an insurance company has *not* accepted or, often times, not received, a change of beneficiary request prior to the policyholder's death." *W. Coast Life Ins. v. Fales*, 2015 WL 225065, at \*4 (W.D. Tex. Jan. 14, 2015). If the insured's substantial compliance with the policy's requirements is demonstrated, "the insurer must honor the request and effect the change." *Prudential Ins. v. Durante*, 443 S.W.3d 499, 506 (Tex. App.—El Paso 2014, pet. denied).

9

Here, the Kreiner Defendants do not point us to the relevant provisions of the Annuity with which Patrick purports to have substantially complied. Moreover, absent any binding caselaw, the Court is not inclined to apply the argument that Patrick's "substantial compliance" with the Annuity's requirements to change beneficiaries supersedes the statutory restrictions imposed by the Texas Estates Code that limit self-designations when acting pursuant to a Power of Attorney. Thus, the Court finds Patrick improperly designated himself as a beneficiary despite lacking the authority to do so under Chapter 751 and 752 of the Texas Estates Code (Dkt. #55).

Despite this determination, the issue of whether the August 3 Request is *entirely* invalid remains. While Patrick's designation of himself as a beneficiary of the Annuity is barred by statute, his designation of the other Kreiner Defendants as beneficiaries may have been proper. *See Transamerica*, 2017 WL 5476471, at *7. ("The Texas Estates Code is clear that the requirement of prior designation applies only to attempts by an attorney in fact to designate *himself*, not another person, as beneficiary. While the statute prohibits [the decedent's son] from appointing himself as beneficiary, it authorizes him to remove existing beneficiaries and designate new ones other than himself." (citing TEX. EST. CODE § 752.108(a)(10))). The Court follows *Transamerica*'s reading of the Texas Estates Code and finds that if the August 3 Request was timely, Patrick was authorized to change the primary beneficiaries to Thomas Kreiner, Timothy Kreiner, and Jerome Kreiner, but not himself (Dkt. #39-2). However, because a fact issue exists as to whether the August 3 Request was submitted to Plaintiff before Kristin's Power of Attorney terminated, the Lyon Defendants are not entitled to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendants Steve R. Lyon, Anna Lyon, and Bonnie R. Lindsly's Motion for Partial Summary Judgment (Dkt. #39) is hereby **DENIED**.

**IT IS SO ORDERED**.

 **SIGNED this 22nd day of April, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

11